# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRAYTON JAMES GROTH,

       Plaintiff,

v.

CITY OF BIRMINGHAM, and
NICHOLAS HILL, SCOTT MCINTYRE,
RAYMOND FAES, ANTHONY PAREDES, and
NICHOLAS KRUMM, Individually and in their
official capacity,

       Defendants.

Case No.
Hon.

---

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
248-355-5555
d.dworetsky@fiegerlaw.com

---

## COMPLAINT AND TRIAL BY JURY

NOW COMES the Plaintiff, BRAYTON JAMES GROTH, by and

through his attorneys, *Fieger, Fieger, Kenney & Harrington, P.C.,* and for his

Complaint against the above-named Defendants, states:

## JURISDICTION AND VENUE

1.    This action arises under the United States Constitution and under

*(sidebar)* FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

the laws of the United States Constitution, particularly under the provisions of the Fourth Amendment of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and United States Constitution, Amendments XIV, deprivation of liberty without due process of law.

2.      This Court has jurisdiction of this cause under the provisions of United States Constitution, Amendments I, IV, V, VI, and XIV; Title 42 of the United States Code, § 1983; Title 28 of the United States Code, § 1331 and § 1343; and 3(a).

3.      Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 USC § 1367(a), over any and all state law claims that are related to the claims under the Michigan Constitution, Article 1, §§ 5, 6, 11, and 17 within the original jurisdiction of this Court as they form part of the same case or controversy.

4.      Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391.  Defendants reside and may be found in the Eastern District of Michigan and all of the events giving rise to these claims occurred in this district.

5.      That each and every act of the individual Defendants, as set forth herein, was perpetrated under the color and pretense of the statutes,

ordinances, regulations, laws, customs, and usages of the State of Michigan and/or Federal law, and by virtue of, and under the authority of, the individual Defendants' employment with the City of Birmingham.

6.      That the amount in controversy exceeds the amount of $75,000.00, and pursuant to 28 U.S.C. 1332, this action is otherwise within the jurisdiction of this Court.

## **PARTIES**

7.      Plaintiff, BRAYTON JAMES GROTH, is a citizen of the State of Michigan and resident of the City of Birmingham, Oakland County, Michigan.

8.      At all times relevant hereto, Defendant CITY OF BIRMINGHAM was a municipal corporation, duly organized in carrying on governmental functions in the County of Oakland, State of Michigan, and one of the functions was to organize, operate, staff, train, and supervise police operations at the City of Birmingham Police Department.

9.      At all times relevant, Defendant NICHOLAS HILL was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Birmingham Police Department.

10.     At all times relevant, Defendant SCOTT MCINTYRE was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Birmingham Police Department.

11.     At all times relevant, Defendant RAYMOND FAES was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Birmingham Police Department.

12.     At all times relevant, Defendant ANTHONY PAREDES was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Birmingham Police Department.

13.     At all times relevant, Defendant NICHOLAS KRUMM was a citizen of the State of Michigan and was acting under the color of law within the course and scope of his employment as a police officer employed by the City of Birmingham Police Department.

14.     Defendant CITY OF BIRMINGHAM is responsible for, and does in fact, hire, train, supervise, and instruct officers of all grades in the performance of their duties.

## COMMON ALLEGATIONS

15.     Plaintiff hereby restates, realleges, and incorporates each and every allegation contained in the allegations above, as though set forth fully and completely herein.

16.     That on July 10, 2021, City of Birmingham police officers were dispatched to an alleged domestic violence that had supposedly taken place at 1692 Bowers in the City of Birmingham between Katherine Groth and her husband, Plaintiff, BRAYTON JAMES GROTH.

17.     That the Defendant officers were familiar with Plaintiff.

18.     That the Defendant officers have previously stated that Plaintiff has demonstrated aggressive behavior and a dislike for law enforcement officers.

19.     By the time the City of Birmingham police arrived at the Bowers address, Katherine Groth and Plaintiff were apart, Katherine was in her vehicle, and Plaintiff was in the family house.

20.     When Defendant KRUMM arrived, Katherine was sitting in her vehicle on the side of the road, hundreds of feet away from the property, and Defendant KRUMM engaged her in questioning.

21.     Katherine alleged to Defendant KRUMM that she had been grabbed by the Plaintiff and forced out of her home.

22. Defendant KRUMM asked Katherine if something like this had ever happened in the past and she told Defendant KRUMM nothing happened in the past, that she had never been abused by Plaintiff, and that nothing has happened.

23. After some more conversation, Katherine told Defendant KRUMM that she wanted to leave and go home, but Defendant KRUMM would not allow her to leave.

24. That Defendant KRUMM asked Katherine if she had a key to the house or something that that the police could use to unlock the door and get into the house.

25. Katherine expressly told Defendant KRUMM that she did not want anybody to go into the house.

26. That Defendant KRUMM told Katherine that was not an option, demanded the key, and was not going to let Katherine leave the scene until she gave him the key.

27. When Katherine was faced with Defendant KRUMM's proposition and show of authority, she submitted to Defendant KRUMM's authority and reluctantly gave Defendant KRUMM the key to the house.

28.   Defendant KRUMM then handed the key to Defendant PAREDES, who then took the key over the house and handed it to Defendant FAES.

29.   Defendants HILL, MCINTYRE, FAES, and PAREDES, entered the backyard and went around to back door of the house after an unsuccessful attempt to open the front door, which included one instance of knocking on the front storm door, and never announcing their presence as police.

30.   Defendants HILL, MCINTYRE, FAES, and PAREDES, with no knock or announcement, used the key to open the back door.

31.   Defendants HILL, MCINTYRE, FAES, and PAREDES encountered the Plaintiff at the back door.

32.   Plaintiff expressly objected to the unconstitutional search and entry into his home, and verbally refused to allow Defendants HILL, MCINTYRE, FAES, and PAREDES to enter his home.

33.   Defendants HILL, MCINTYRE, FAES, and PAREDES ignored Plaintiff's refusals to enter the house, and forced their way into the home.

34.   That Defendants did not have a warrant to enter Plaintiff's home and further violated his curtilage.

35.   Once inside the home Defendants HILL, MCINTYRE, FAES, and PAREDES, Plaintiff backed away while proclaiming their entry was

illegal, and while backing away, Defendants pushed Plaintiff further backwards, slammed him into a counter, grabbed him, yelled at him to get on the ground, and then threw him to the ground in his kitchen.

36.     Despite no resistance, Defendants punched and kicked Plaintiff while he was on the ground, and then unnecessarily deployed their taser on Plaintiff while he was on the ground and not resisting.

37.     Plaintiff was ultimately handcuffed and taken to the Birmingham police department for processing.

38.     That on May 3, 2023, the Honorable Daniel D. O'Brien dismissed the felony Count charged against Plaintiff for Resisting and Obstructing Police.

39.     Defendants, at all times relevant herein, were acting within the scope of their employment and/or under color of law as law enforcement officers, and unlawfully restrained the Plaintiff by excessive use of force.

## COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE AGAINST ALL DEFENDANTS

40.     Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

41.     At all times relevant hereto, Defendants were acting under the color of state law and in his capacity as City of Birmingham officers, and their

FIEGER LAW · A PROFESSIONAL CORPORATION · ATTORNEYS AND COUNSELORS AT LAW · 19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075-2463 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

acts and/or omissions were conducted within the scope of their official duties and employment.

42. As a direct and/or proximate cause of the use of excessive force by Defendants, Plaintiff, BRAYTON JAMES GROTH, sustained severe facial injuries amongst other injuries including, but not limited to compensatory damages, reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, and punitive damages.

43. Plaintiff had the clearly established right under the Fourth and Fourteenth Amendment to be free from excessive force by law enforcement.

44. Under all the circumstances known to Defendants, the physical force used against Plaintiff was objectively unreasonable and clearly excessive when they tackled, kicked, punched, and ultimately deployed their taser on Plaintiff.

45. Defendants violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

46. At all times relevant hereto, and upon information and belief, Defendants had Plaintiff restrained and/or Plaintiff was not resisting, (or in the alternative, legally resisting to and unlawful entry) and nonetheless

Defendants used and continued to use an unjustified amount of force against Plaintiff.

47.     At all times relevant hereto, Plaintiff did not pose a threat to the safety of the Defendants or others.

48.     The misconduct of Defendants directly and proximately caused Plaintiff to suffer numerous injuries including, but not limited to:

   a.  Chest injuries;
   b.  Back injuries;
   c.  Facial injuries;
   d.  Horrific bruising and contusions to his body;
   e.  Possible head injury including PTSD;
   f.  Pain and suffering;
   g.  Anxiety;
   h.  Mental anguish;
   i.  Emotional distress;
   j.  Fright and shock;
   k.  Humiliation and/or mortification;
   l.  Economic loss;
   m. Punitive damages;
   n.  Exemplary damages;
   o.  Deprivation of his liberty;
   p.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;
   q.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
   r.  Any other damages allowed by law.

49.     As a direct and proximate result of the willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff, Plaintiff has suffered and will continue to

FIEGER LAW · A PROFESSIONAL CORPORATION · ATTORNEYS AND COUNSELORS AT LAW · 19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075-2463 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

suffer damage into the future including, but not limited to the injuries and damages as outlined previously of this Complaint.

50. The acts and/or omissions of Defendants were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
## (FOURTH AMENDMENT – UNLAWFUL ARREST AND
## MALICIOUS PROSECUTION)
## ALL DEFENDANTS

51. Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

52. Defendant officers arrested Plaintiff and transported him to jail.

{01452623.DOCX}

11

53.     The Defendant officers did not have probable cause or any other lawful basis to arrest Plaintiff for Resisting and Obstructing Police.

54.     Defendant officers made material misrepresentations in their police reports and/or to the prosecutor(s) that contributed to Plaintiff being criminally prosecuted even though they knew there was no probable cause.

55.     Plaintiff was only prosecuted because of the Defendant officers' material misrepresentations.

56.     As a result of the Defendant officers' false arrest of Plaintiff and malicious prosecution, Plaintiff spent time in jail and has spent over two years facing criminal charges which carried potential jail sentences, even though Plaintiff was innocent of the charge of Resisting and Obstructing Police with which he was charged.

57.     These violations of Plaintiff's rights were performed due to CITY OF BIRMINGHAM's written and unwritten policies, procedures, protocols, and customs, and/or lack thereof.

58.     As a direct and proximate result of the willful, wanton, reckless, malicious, oppressive conduct and/or conduct done with a conscious or reckless disregard for the constitutional rights of Plaintiff, (deprivation of his liberty in particular), Plaintiff has suffered and will continue to suffer damage

into the future including, but not limited to the injuries and damages as outlined previously of this Complaint.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

### COUNT III
### 42 U.S.C § 1983 FAILURE TO INTERVENE TO PREVENT VIOLATION OF PLAINTIFF'S FOURTH OR FOURTEENTH AMENDMENT RIGHTS
### ALL DEFENDANTS

59.    Plaintiff incorporates herein all of the prior allegations.

60.    Defendants had a duty to intervene when other Defendant officers were violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. 1983, which in effect, resulted in the infliction of excessive force and punishment upon Plaintiff.

61.    Defendants observed and/or had reason to know that excessive force and punishment was being inflicted upon Plaintiff without a legitimate goal and/or justification.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

62.     Defendants had the opportunity and means to prevent the excessive force and punishment and/or violation of the rights of Plaintiff from occurring.

63.     Defendants were acting with deliberate indifference towards the above-described acts being inflicted upon Plaintiff, and as such, were the proximate cause of the injuries suffered by Plaintiff.

64.     The Defendants' foregoing failure to act, itself amounted to a constitutional violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

65.     As a direct and proximate result of the individually named Defendants' violation of Plaintiff's constitutionally-protected rights, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to, the injuries and damages as outlined previously in this Complaint.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT IV
## FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS, AND PRACTICES, AND FAILURE TO SUPERVISE – DELIBERATE INDIFFERENCE
## DEFENDANT, CITY OF BIRMINGHAM

66.     Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

67.     Pursuant to 42 USC § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant CITY OF BIRMINGHAM owed Plaintiff certain duties to properly supervise, monitor, and train its officers to implement its policies and procedures concerning a possible domestic violence report, search of a home, and arrest of a citizen.

68.     Defendant CITY OF BIRMINGHAM breached these duties via its and/or absence thereof its policies, procedures, regulations, customs and/or lack of and/or inadequate training, and thus encouraged, tolerated, ratified, and has been deliberately indifference toward its citizens, and specifically Plaintiff, when Defendant:

   a.  Failed to have legal cause to search a citizen's home;

   b.  Failed to have legal cause to detain, arrest, and criminally charge a citizen;

   c.  Allowed the use of force and/or excessive force by its police officers;

d.  Failed to properly exercise police powers including but not limited to the making of an arrest, the use of and/or excessive force, and the bringing of criminal charges;

e.  Failed to adequately supervise and train its officers and agents, including the Individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

f.  Failed to properly and adequately monitor and discipline its officers, including the Individual Defendants;

g.  Allowed its police officers to use their status a police officers to coerce "consent" to gain access to a citizen's home;

h.  Allowed Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

i.  Failed to have its police officers follow established policies, procedures, directives, and instructions regarding gaining "Consent, searches of a house, arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;

j.  The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other police officers;

k.  Failed to properly and adequately investigate citizen complaints of police misconduct regarding arrests conducted without probable cause; and

l.  All other breaches learned through the course of discovery which are hereby adopted by reference.

69.     As a direct and proximate result of the willful, wanton, reckless,

malicious, oppressive, and/or done with a conscious or reckless disregard for

the constitutional rights of Plaintiff, Deprivation of his liberty in particular, Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously of this Complaint.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT V
## GROSS NEGLIGENCE
## ALL DEFENDANTS

70.     Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

71.     At all times relevant hereto, pursuant to Michigan Law, Defendants, as officers employed by the City of Birmingham, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff.

72.     At all relevant times, Defendants were acting within the course and scope of their employment.

73.     Defendants were acting within the scope of their employment, breached this duty, and was grossly negligent, as defined in MCL

691.1407(2)(c), when they acted so recklessly as to demonstrate a substantial lack of concern as to whether injury would result toward Plaintiff and with disregard for his health, safety, and constitutional and/or statutory rights, by doing the following:

a.   Using excessive force and punishment upon Plaintiff without a legitimate goal and/or justification, and having the opportunity and means to not use excessive force and punishment and/or violation of the rights of Plaintiff from occurring;

b.   Acting with reckless disregard for the physical safety of Plaintiff;

c.   Acting with a willful and/or wanton disregard for the safety of others, particularly, Plaintiff;

d.   Acting in a reckless and/or grossly negligent manner as contemplated in MCL 691.1407(8)(a);

e.   All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

f.   Any and all breaches that become known through litigation.

74.   As the direct and proximate result of the grossly negligent conduct of Defendants, Plaintiff suffered significant, serious, and permanent injuries, resulting in physical and emotional difficulties to date as outlined previously in this Complaint.

75.     As   the   direct   and   proximate   result   of   the   Defendants

above-described breaches of duty and gross negligence, Plaintiff suffered

serious and permanent injuries and damages including, but not limited to the

injuries and damages as outlined previously in this Complaint.

76.     As a direct and proximate result of the grossly negligent conduct

of Defendants, Plaintiff has suffered and will continue to suffer damage into

the future including, but not limited to the injuries and damages as outlined

previously in this Complaint.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court

enter judgment in his favor against Defendants and in an amount in excess of

seventy-five thousand dollars ($75,000) exclusive of costs, interest and

attorney fees.

**COUNT VI**
**ASSAULT AND BATTERY**
**AGAINST DEFENDANTS NICHOLAS HILL,**
**SCOTT MCINTYRE, RAYMOND FAES, AND ANTHONY PAREDES**

77.     Plaintiff hereby reincorporates and restates each and every

allegation contained in the preceding paragraphs of this Complaint as if set

forth herein.

78.     At all times relevant hereto, Defendants made threatening

statements and/or movements and/or actions creating within Plaintiff a

well-founded fear of imminent peril and/or contact.

79.    Defendants had the apparent ability to carry out the act.

80.    Defendants did physically carry out the act when they kicked, punched and/or deployed a taser upon Plaintiff.

81.    The misconduct of Defendants directly and proximately caused Plaintiff to suffer numerous injuries including, but not limited to the damages set forth previously in this Complaint.

82.    As a direct and proximate result of the misconduct of Defendants, Plaintiff has suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously in this Complaint.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT VII
## UNLAWFUL ARREST AND MALICIOUS PROSECUTION)
## ALL DEFENDANTS

83.    Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

84.    Defendant officers arrested Plaintiff and transported him to jail.

85.     The Defendant officers did not have probable cause or any other lawful basis to arrest Plaintiff for Resisting and Obstructing Police under Michigan law.

86.     Defendant officers made material misrepresentations in their police reports and/or to the prosecutor(s) that contributed to Plaintiff being criminally prosecuted even though they knew there was no probable cause.

87.     Plaintiff was only prosecuted because of the Defendant officers' material misrepresentations.

88.     As a result of the Defendant officers false arrest of Plaintiff and malicious prosecution, Plaintiff spent time in jail and has spent over two years facing criminal charges, which carried potential jail sentences, even though Plaintiff was innocent of the charge of Resisting and Obstructing Police with which he was charged.

89.     These violations of Plaintiff's rights were performed due to CITY OF BIRMINGHAM's written and unwritten policies, procedures, protocols, and customs and/or lack thereof.

90.     As a direct and proximate result of the willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff under Michigan Law, Plaintiff has

FIEGER LAW · A PROFESSIONAL CORPORATION · ATTORNEYS AND COUNSELORS AT LAW · 19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075-2463 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

suffered and will continue to suffer damage into the future including, but not limited to the injuries and damages as outlined previously of this Complaint.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendants and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

Respectfully submitted,

/s/David A. Dworetsky
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

Dated: June 7, 2023

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRAYTON JAMES GROTH,

      Plaintiff,

                                  Case No.
                                  Hon.

v.

CITY OF BIRMINGHAM, and
NICHOLAS HILL, SCOTT MCINTYRE,
RAYMOND FAES, ANTHONY PAREDES, and
NICHOLAS KRUMM, Individually and in their
official capacity,

      Defendants.

---

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
248-355-5555
d.dworetsky@fiegerlaw.com

---

## DEMAND FOR TRIAL BY JURY

    Plaintiff, BRAYTON JAMES GROTH, by and through his attorneys,

*Fieger, Fieger, Kenney & Harrington, P.C.*, hereby demands a trial by jury

in the above-captioned matter.

Respectfully submitted,

*/s/ David A. Dworetsky*
DAVID A. DWORETSKY (P67026)
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsly@fiegerlaw.com

Dated: June 7, 2023