UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAYTON JAMES GROTH,

                Plaintiff,                Case Number 23-11355

v.                                              Honorable David M. Lawson

CITY OF BIRMINGHAM, NICHOLAS HILL,
SCOTT MCINTYRE, RAYMOND FAES,
ANTHONY PAREDES, and NICHOLAS
KRUMM

                Defendants.
_____/

## PROTECTIVE ORDER

Based on the stipulation of the parties, ECF No. 16, and Federal Rule of Civil Procedure 26(c), the following is **ORDERED**:

1.      Any party that produces discovery material shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony it gives in this proceeding, which it believes in good faith constitutes, reflects or discloses its confidential and proprietary information consisting of (i) financial data, tax information, tax returns, bank accounts, bank statements, or wage, salary, compensation, recruiting and retention data, (ii) non-public private information relating to individuals, such as employee names, social security numbers, home addresses and/or telephone numbers, and financial information related to these individuals including personnel files, and (iii) policies, procedures, processes; technical plans, know-how, personnel, or third-party confidential information disclosed to the Recipient by the Discloser ("Confidential Information").

2.      Any party to this Litigation and any third party may designate as Confidential documents or information produced by another party if that Discovery Material (i) either originated

from the designating party or third party (or was generated on the designating or third party's behalf), and (ii) the third party agrees to treat that Discovery Material as Confidential, in which case the designating party shall be deemed a Producing Party for purposes of this Order.

3. A Producing Party's designation of information as "Confidential," shall constitute a representation for purposes of any applicable professional standards of conduct and guidelines applicable to the parties and their counsel in this action that the Producing Party has reviewed the document, material, or information and has a valid and good faith basis for the designation.

4. Documents or information may be designated "Confidential," in the following manner:

    a. A Producing Party shall, if appropriate, designate specific documents as "Confidential" by marking the first page and each subsequent page of the document containing any Confidential Information with the legend "CONFIDENTIAL."

    b. A Producing Party shall designate interrogatory answers and responses to requests for admissions as "Confidential," by stating or specifying that the answers or responses or specific parts of them are "Confidential," and by affixing the legend "CONFIDENTIAL" on each page of interrogatory answers or responses to requests for admission containing Confidential Information.

    c. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to all parties within three business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to each page of the transcript containing any Confidential Information.

    d. If information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic or magnetic media) ("Computerized

Material"), the Producing Party may designate such material as "CONFIDENTIAL," by cover letter (or by email) referring generally to such matter or by affixing to such media a label containing the appropriate legend. Whenever a Receiving Party reduces to hard copy form electronically stored information designated as "Confidential," that party shall mark such hard copy form with the "Confidential" legend.

5. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed may be separately electronically filed under seal.

6. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential

Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 5 and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph 5 and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

      7.    Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than conducting this Litigation, and in no event shall Confidential Information be used for any business, competitive, personal, private, public, organizational, or other labor or employee relations purpose. The Producing Party may withdraw or modify any designation.

      8.    Information designated as "CONFIDENTIAL" pursuant to this Order may be disclosed to:

      a.    Counsel who represent parties in this Litigation and regular and temporary employees and service vendors of such counsel (including outside copying and litigation support services) assisting in the conduct of the Litigation for use in accordance with this Confidentiality Agreement.

      b.    Experts or consultants assisting counsel of record for parties in this Litigation;

      c.    Witnesses or deponents (other than witnesses and deponents covered by (d) below), and their counsel, during and, to the extent necessary, in preparation for, depositions or testimony in this Litigation.

  d. The parties to the Litigation and the directors, officers, employees, and general or limited partners of the parties, or any subsidiary or affiliate thereof, who may have information that is reasonably necessary to counsel in this Litigation or who appear as witnesses or deponents.

  e. Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document, but only as necessary for counsel's good faith investigation or prosecution of the claims and defenses raised in the Litigation, and not for any other purpose.

  f. Court reporters employed in connection with this Litigation; and

  g. The Court and its staff.

  9. Confidential Information may be provided to persons described in Paragraphs 8(b), (c), and (d) above to the extent deemed necessary in good faith by counsel for purposes of the Litigation, provided that any such person is using said Confidential Information solely in connection with this Litigation; and further provided that he or she agrees to be bound by the terms and conditions of this Order, consents to the jurisdiction of the Court for purposes of the enforcement of this Order, and agrees not to disclose or use any Confidential Information in a manner or for purposes other than those permitted hereunder.

  10. Every person described in Paragraphs 8(b), (c), and (d) above given access to Confidential Discovery Material shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to its terms. Counsel for the party providing Confidential Discovery Material to any person required pursuant to Paragraph 9 shall be responsible for obtaining a signed acknowledgement of their responsibilities under this Order and retaining the original, executed copy thereof.

  11. A Receiving Party will use reasonable efforts to inform the Producing Party of its intent to use Confidential Information at a court hearing at least twenty-four (24) hours in advance

of the hearing.  In the event that any information designated as "Confidential," is used in any court proceeding in this Litigation or any appeal, it shall not lose its status as Confidential through that use.  This Order does not prohibit the use of Confidential Information at trial.

12. A party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation.  The interested parties then shall meet and confer in an attempt to resolve any objection.  If the objection is not resolved within fourteen (14) days of transmission of that letter, the objecting party may challenge the confidential designation by appropriate motion.  The Designating Party has the burden of establishing that the designation is proper.

13. Within sixty (60) business days after the final resolution of this Litigation, a Receiving Party shall return all Confidential Information to counsel for the Producing Party or shall certify in writing that it has been destroyed.  Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, even if they contain Confidential Information, so long as they are clearly marked to reflect that they contain information subject to this Order.

14. The inadvertent disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product) if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure by following Federal Rule of Evidence 502.

15. The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents.

16. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

17. If any Receiving Party receives a subpoena for documents subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with a copy of the Order, and give the Producing Party notice of the subpoena within three (3) business days after its receipt and before it produces any documents in response to the subpoena so that the Producing Party has an opportunity to object prior to the production of any responsive material.

18. This Order may apply to non-parties who provide discovery in this Litigation if that non-party requests the protection of this Order as to its Confidential Information and complies with the provisions of this Order.

19. Nothing in this Order shall preclude any interested member of the public from challenging the designation of any document or information as Confidential by presenting that challenge to the Court.

20. This Order shall remain effective after the conclusion of the Litigation. The Court retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final resolution of this Litigation.

                                                          s/David M. Lawson
                                                          DAVID M. LAWSON
                                                          United States District Judge

Dated: October 25, 2023