UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAYTON JAMES GROTH,

        Plaintiff,          Case Number 23-11355
v.          Honorable David M. Lawson

CITY OF BIRMINGHAM, NICHOLAS HILL,
SCOTT MCINTYRE, RAYMOND FAES,
ANTHONY PAREDES, and NICHOLAS
KRUMM

        Defendants.
_____/

## QUALIFIED PROTECTIVE ORDER

The parties have filed a stipulation (ECF No. 19) for an order allowing defense counsel to conduct interviews with the plaintiff's healthcare providers without the plaintiff or his attorney being present.  After reviewing the stipulation, Federal Rule of Civil Procedure 26, and 45 C.F.R. §§ 160.103, 160.501, 164.512(e)(1)(i), the following is **ORDERED**:

1.    Counsel for the defendants may conduct in-person or telephone interviews of the plaintiff's medical and mental health providers for the purpose of obtaining information about the care, treatment, examination, diagnosis, and prognosis of the plaintiff for injuries, conditions, or diseases that are alleged to have been caused by the defendants' conduct, or that otherwise bear on the question of damages in this case.

2.    All such interviews shall be confined to issues relating to this litigation, and the questioning of the providers by defense counsel must be confined to the topics described in paragraph 1 above and shall not impinge on any subjects covered by any report produced by the provider under Federal Rule of Civil Procedure 26(a)(2)(B) in his or her capacity as an expert witness in this litigation.

3. Before questioning, the defendants' attorney must furnish the medical and mental health providers a copy of this order, and must provide clear and explicit written and verbal notice to those providers about the purpose of the interview, that they are not required to speak to defense counsel, that the meeting is not being requested by the patient or his counsel but rather by defense counsel, and that they may have an attorney of their choosing present at the interview, which, if the provider so elects, may but need not include counsel for the plaintiff.

4. Before conducting any interviews, defense counsel must notify plaintiff's counsel of the name of provider and the intended date of the interview.

5. Defense counsel may not state or imply to any healthcare provider that the Court wants, encourages, or is asking them to have a meeting with defense counsel.

6. The defendants, and their attorneys, agents, and employees, are prohibited from disclosing the plaintiff's protected information outside the scope of the litigation.

7. The plaintiff's medical and mental health providers, as covered entities under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), are authorized and permitted to disclose to the attorneys for the defendants the plaintiff's personal health information concerning the care, treatment, examination, diagnosis, and prognosis of the plaintiff for injuries, conditions, or diseases that are alleged to have been caused by the defendants' conduct, or that otherwise bears on the question of damages in this case.

8. At the conclusion of this lawsuit, the defendants and their attorneys, agents, and employees must return the protected information to the plaintiff's attorney for destruction.

9. This order is made under HIPAA Privacy Regulation 45 C.F.R. § 164.512(e)(1)(i) (which permits "[a] covered entity" to "disclose protected health information in the course of any judicial . . . proceeding . . . [i]n response to an order of a court . . ., provided that the covered entity

discloses only the protected health information expressly authorized by such order") and will remain in effect during the pendency of this case in this Court, or until further order of the Court.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 24, 2024